J-A19034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JUAN ANTHONY SERRANO, | |
| Appellant | No. 3785 EDA 2015 |

Appeal from the Judgment of Sentence November 16, 2015
in the Court of Common Pleas of Monroe County Criminal Division
at No(s):CP-45-CR-0001047-2015

BEFORE: FORD ELLIOTT, P.J.E., OTT, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.:          **FILED SEPTEMBER 30, 2016**

Appellant, Juan Anthony Serrano, appeals from judgment of sentence of the Monroe County Court of Common Pleas ordering him to serve an aggregate twenty-six to eighty-four months' imprisonment and classifying him as a Tier III sexual offender based on his guilty plea to two counts of possession of child pornography.[1] Appellant claims that (1) the sexual abuse of children enhancement of the Sentencing Guidelines is unconstitutional, (2) the trial court's sentence is manifestly unreasonable, and (3) he should have been classified as a Tier I offender.[2] We affirm in part, reverse in part, and remand this case for the entry of an order classifying Appellant as a Tier I offender.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 6312(d).

[2] We have reordered the arguments set forth in Appellant's Brief.

The Honorable Jonathan Mark thoroughly addressed Appellant's issues in his Pa.R.A.P. 1925(a) opinion and found that (1) Appellant's constitutional challenge to the sentencing enhancement was waived, (2) Appellant's sentencing challenge did not raise a substantial question and in any event, did not warrant relief, and (3) Appellant's classification as a Tier III offender was required by this Court's decision in **Commonwealth v. Merolla**, 909 A.2d 337 (Pa. Super. 2006). **See** Trial Ct. Op., 2/1/16, 5-18. We discern no error or abuse of discretion in the trial judge's consideration of Appellant's first two challenges and affirm based on the court's opinion. **See id.** at 8-10 (discussing waiver of Appellant's constitutional challenge), 11-18 (discussing Appellant's discretionary aspect of sentence challenge).

As to Appellant's third challenge, in which he contests his classification as Tier III sexual offender under 42 Pa.C.S. § 9799.14(d)(16), the Pennsylvania Supreme Court recently decided **Commonwealth v. Lutz-Morrison**, ___ A.3d ___, 2016 WL 4273555 (Pa. Aug. 15, 2016), and **A.S. v. Pa. State Police**, ___ A.3d ___, 2016 WL 4273568 (Pa. Aug. 15, 2016). In light of the clarification provided by the Pennsylvania Supreme Court, it is apparent that Appellant must be classified as a Tier I offender.[3] **See Lutz-Morrison**, ___ A.3d at ___, 2016 WL 4273555 at *2 (holding a Tier III classification "requires an act, a conviction, and a subsequent act to trigger

---

[3] The Commonwealth agrees that relief is due in light of **Lutz-Morrison**.

lifetime registration for multiple offenses otherwise subject to a fifteen- or twenty-five-year period of registration").

Thus, we affirm the conviction, but reverse Appellant's classification as a Tier III offender. Appellant shall be classified as a Tier I offender. **_See_** 42 Pa.C.S. § 9799.14(b)(9).

Judgment of sentence affirmed in part and reversed in part. Case remanded for the entry of an order classifying Appellant as a Tier I offender.

Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2016